**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4537**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

CONTAURUS DERMONT SMITH, a/k/a Vashon Smith, a/k/a Rammelle
Spencer,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:11-cr-02333-CMC-1)

_____

Submitted:  January 4, 2013        Decided:  January 16, 2013

_____

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.   Robert Claude Jendron, Jr.,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Contaurus Dermont Smith appeals his eighty-seven month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Counsel for Smith filed a written brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the district court complied with Rule 11 in accepting Smith's guilty plea, and whether Smith's sentence is procedurally unreasonable. Smith was given an opportunity to file a pro se supplemental brief but has not done so. The Government has also elected not to file a brief. For the reasons that follow, we affirm the district court's judgment.

We first address the validity of Smith's guilty plea. Rule 11 requires the district court to perform the following procedures prior to accepting a defendant's guilty plea: the court must conduct a colloquy in which it informs the defendant of the charges against him and determines that he comprehends the nature of those charges, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty; the court must ensure that the defendant's plea

is voluntary; and the court must ensure that there is a factual basis for the guilty plea. Fed. R. Crim. P. 11(b).

Because Smith did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error, (2) the error was plain, and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732-34 (1992). To establish that a Rule 11 error has occurred, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). A review of the record reveals that the district court properly ensured that Smith's plea was knowing, voluntary, and supported by a sufficient factual basis. We therefore hold that the district court fully complied with Rule 11 in accepting Smith's guilty plea.

We next address the reasonableness of Smith's sentence. Applying an abuse of discretion standard, we first review for procedural reasonableness, and in the absence of significant procedural error, then review for substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing for significant procedural error, we consider

whether the district court improperly calculated the Guidelines range, failed to consider the 18 U.S.C. § 3553(a) (2006) factors, or failed to adequately explain its sentence. <u>Gall</u>, 552 U.S. at 51. To avoid procedural error, the district court must make an "individualized assessment," by applying the relevant § 3553(a) factors to the specific circumstances of the defendant's case. <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009). The district court also should justify its rejection of the parties' arguments for higher or lower sentences based on § 3553. <u>United States v. Lynn</u>, 592 F.3d 572, 584 (4th Cir. 2010). We then review for substantive reasonableness, which is determined considering the totality of the circumstances. <u>Gall</u>, 552 U.S. at 51. However, if the sentence is within the Guidelines range, we apply a presumption of reasonableness. <u>See</u> <u>id.</u>

We conclude that the sentence imposed by the district court is both procedurally and substantively reasonable. The district court properly calculated the Guidelines range, considered the § 3553(a) factors, provided an individualized assessment, and explained its reasons for rejecting Smith's request for a downward variance, and then reasonably imposed a within-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and find no meritorious issues for appeal. We

4

therefore affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED